## Banksville Mutual Building & Loan Association's Appeal.

Stockholders may invoke aid of court of equity in correcting errors and mistakes made in computing time when their stock matured, although by reason of such computation and the settlement which followed they are no longer stockholders.

(Decided January 4, 1886.)

From a decree of the Common Pleas, No. 2, of Allegheny County. Affirmed.

*Joseph Hays* for appellant.

*Montooth Bros.* and *S. A. & M. Johnson* for appellees.

PER CURIAM:

The appellees were stockholders at the time of the settlement

brook Road, 64 Pa. 451; *Re* Bean's Road, 35 Pa. 280; *Re* Frankstown Twp. Road, 26 Pa. 472. But the appellate court will not reverse under such circumstances where the defect is not apparent on the record. *Re* Road, 17 Pa. 116; *Re* Lower Merion Road, 18 Pa. 238; Hollertown Road, 5 Watts & S. 202. And in *Re* Road, 18 Pa. 463, the supreme court declined to reverse for a defect apparent on the record, because it was not presented to the consideration of the court below.

NOTE.—If a series of stock be improperly declared to have matured, as a result of which certain mortgages are satisfied, the court will correct the mistake and strike off the satisfaction upon a bill filed by the assignee of the association. Callahan's Appeal, 124 Pa. 138, 16 Atl. 638.

which they now seek to correct. This fact clearly permits them to invoke the aid of a court of equity to correct the errors and mistakes of fact therein made. Such mistakes having been found to exist, there is nothing in the whole case to make their correction inequitable. The master and court arrived at a just conclusion.

Decree affirmed and appeal dismissed, at the costs of the appellant.